Mrs. Anna M. Hirsch, widow of Ferdinand Rieger, agreed to sell to Harry Rosenberg, a certain piece of real estate bearing the municipal number 1815 Tulane Avenue in the City of New Orleans, for the sum of $5,750. The sale was negotiated by Walter F. Weidig, a real estate broker, who procured Mrs. Rieger's signature to an offer to purchase made by Rosenberg, after she had written on the printed form in which the offer was made "no commission". Thereafter, as is customary, Rosenberg deposited with Weidig 10% of the purchase price or $575. When the time came for the passage of the act of sale Rosenberg refused to pay Weidig a commission and Mrs. Rieger, with good reason, did likewise, whereupon Weidig refused to surrender to Mrs. Rieger the $575 deposited with him by Rosenberg unless his commission was first deducted. An agreement was entered into between Mrs. Rieger, Rosenberg and Weidig, whereby Weidig was permitted to retain his commission of $230 out of the $575 deposit, and Mrs. Rieger agreed to bring a suit against Weidig and Rosenberg to have it judicially determined who was to pay her the amount withheld from the purchase price, as appears by the following paragraph of the agreement:
"It is agreed and understood that the party cast in suit to be hereafter brought shall pay not only the court costs but also the fee of the attorney representing Mrs. A.M. Rieger and which fee shall not exceed $25.00; and that Mrs. A.M. Rieger shall be entitled to receive the balance due on the purchase price of $230.00 either from W.F. Weidig or Harry Rosenberg as decided by the Court in the suit hereafter to be brought."
Mrs. Rieger, as she had agreed to do, brought this suit against Weidig and Rosenberg, in which she asked that there be judgment in her favor and against either Weidig or Rosenberg as the Court might determine in the sum of $230 plus attorneys' fees and costs.
Rosenberg answered admitting his signature to the agreement, but denying that he was in any way liable for the payment of Weidig's commission. Defendant Weidig answered admitting that Mrs. Rieger had refused to pay any commission on the sale and that Rosenberg, with knowledge of that fact, promptly agreed to pay him.
On the trial of the case when Weidig sought to prove the verbal agreement with Rosenberg for the payment of his commission, the Court, on objection, ruled that the testimony was inadmissible upon the ground that it was an attempt to vary the terms of a written contract by parole.
There was judgment in favor of Mrs. Rieger and against Walter F. Weidig as prayed for with reservations of the rights of Harry Rosenberg and Walter F. Weidig "against each other". Weidig has appealed to this Court. *Page 333 
The learned judge in his reasons for judgment conceded that oral testimony was admissible to prove an agreement to pay the commission in a controversy between Rosenberg and Weidig, but held that it was not admissible insofar as Mrs. Rieger was concerned. Referring to the agreement made at the time of the passage of the act of sale, the Court remarked that "while it is true that all of the parties have agreed to permit Weidig to retain in his possession a part of the deposit until the Court decides whether or not there is a commission due by Rosenberg to Weidig, and that the plaintiff is entitled to receive the balance due on the purchase price from either Weidig or Rosenberg as decided by the Court, on a suit to be hereafter filed by plaintiff, this Court is of the opinion that such an agreement is null and void for want of an adequate consideration".
We believe that the Court was in error. In the first place there is no mention in the pleadings of any attack upon the validity of the agreement upon the ground of want of consideration as there should have been in order to provoke that issue.
In Harvey v. Fitzgerald, 6 Mart., O.S., 530, it was said:
"The illegality of a contract, arising from transactions in fraudem legis, may be taken advantage of by a plea in bar, a peremptory exception of the civil law, and should be regularly pleaded as that of doli mali or rei judicatæ. Such pleas, of necessity, carry with them a suggestion of facts, in avoidance of those stated by the plaintiff, and often require testimonial proof of their truth, which the opposite party may rebut. In an action grounded on an engagement, entered into with a view to contravene the general policy of the laws, if the plaintiff, by the evidence in support of his claim, should also show the turpitude and illegality of the transaction, perhaps it would be the duty of the court, before whom the suit was instituted, immediately to dismiss it".
We quite agree that Mrs. Rieger was under no obligation to pay Weidig a commission since she expressly and in writing refused to do so when she signed the Rosenberg offer to purchase. All she agreed to do was to permit Weidig to retain his commission out of her money until the Courts could decide whether Rosenberg should pay him. If the courts held otherwise Weidig was to get no commission but in any event, she was to get her money back from either Weidig or Rosenberg. There was, therefore, little consideration necessary to support such an agreement which merely involved a few months' delay in receiving the balance of $230 due Mrs. Rieger on the purchase price of her property. She only agreed to forego the interest on the $230. The prompt conclusion of the transaction was sufficient inducement or consideration for so small an undertaking. The consideration necessary to support a valid contract must be serious and not altogether out of proportion to the corresponding obligation. It need not be equivalent. Revised Civil Code, Art. 2464. Blanchard v. Haber,163 La. 627, 112 So. 509.
Our conclusion is that the judgment appealed from must be reversed, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law. Costs of this appeal to be paid by Harry Rosenberg, all other costs to await the final determination of the case.
Reversed and remanded.